**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE WEAVER, <br>     Plaintiff, <br>   vs. <br> PELICAN BAY STATE PRISON <br> C/O NELSON, <br>     Defendant. | No. C 05-00632 JW (PR) <br><br> ORDER OF DISMISSAL <br><br><br><br> (Docket Nos. 17 & 19) |

Plaintiff, a California state prisoner and frequent litigant in this Court, has filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. He seeks to proceed in forma pauperis under 28 U.S.C. § 1915.

The Prison Litigation Reform Act of 1995 ("PLRA") was enacted, and became effective, on April 26, 1996. It provides that a prisoner may not bring a civil action in forma pauperis under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is

Order of Dismissal
N:\Pro - Se\7.27.2007\05-00632 Weaver632_3strikes-dismissal.wpd

1  frivolous, malicious, or fails to state a claim upon which relief may be granted,
2  unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C.
3  § 1915(g). Section 1915(g) requires that this Court consider prisoner actions
4  dismissed before, as well as after, the statute's 1996 enactment. Tierney v. Kupers,
5  128 F.3d 1310, 1311-12 (9th Cir. 1997). And as the text of § 1915(g) makes clear,
6  the court may count as strikes dismissals of district court cases as well as dismissals
7  of appeals. See Rodriguez v. Cook, 169 F.3d 1176, 1178 (9th Cir. 1999) (prisoner
8  does not get three frivolous claims and three frivolous appeals before being barred
9  by § 1915(g)).

10  Here, plaintiff has had three or more prisoner actions/appeals dismissed by a
11  federal court on the grounds that they are frivolous, malicious, or fail to state a claim
12  upon which relief may be granted: (1) Weaver v. Pelican Bay State Prison, No. C
13  04-3077 JW (PR) (N.D. Cal. May 18, 2005) (civil rights action dismissed for failure
14  to state a claim upon which relief may be granted); (2) Weaver v. Nimrod, No. C 04-
15  3154 JW (PR) (N.D. Cal. Dec. 14, 2004) (same); (3) Weaver v. Pelican Bay State
16  Prison Mail Room, No. C 04-4784 JW (PR) (N.D. Cal. Jan. 5, 2005) (same); (4)
17  Weaver v. Daniel, No. C 05-1373 JW (PR) (N.D. Cal. May 9, 2005) (same); and (5)
18  Weaver v. Monterio, et al., No. 05-0166 RSWL (FMO) (C.D. Cal. Nov. 21, 2005)
19  (same). Plaintiff therefore may proceed in forma pauperis only if he is seeking relief
20  from a danger of serious physical injury which is "imminent" at the time of filing.
21  See Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001) (en banc);
22  Medberry v. Butler, 185 F.3d 1189, 1192-93 (11th Cir. 1999); Ashley v. Dilworth,
23  147 F.3d 715, 717 (8th Cir. 1998); Banos v. O'Guin, 144 F.3d 883, 885 (5th Cir.
24  1998). He is not.

25  Because plaintiff has had three or more prior dismissals and is not under
26  imminent danger of serious physical injury, his request to proceed in forma pauperis

28  Order of Dismissal
    N:\Pro - Se\7.27.2007\05-00632 Weaver632_3strikes-dismissal.wpd   2

is DENIED and the instant action is DISMISSED without prejudice to bringing it in a paid complaint.

The clerk shall terminate all pending motions (Docket Nos. 17 & 19) as moot. No fee is due at this time.

DATED:   July 16, 2007

JAMES WARE
United States District Judge

Order of Dismissal
N:\Pro - Se\7.27.2007\05-00632 Weaver632_3strikes-dismissal.wpd    3